BENJAMIN GATLIN, by his Mother and Next Friend, Marla Gatlin, Plaintiff-Appellant, v. BERNARD RUDER, Defendant-Appellee (Riverside Medical Center, Defendant).

Third District   No. 3—87—0809

Opinion filed January 31, 1989.

Stephen Masters, of Stephen Masters & Associates, of Joliet, and Leonard M. Ring, of Leonard M. Ring & Associates, of Chicago (Margaret A. McGuire, of counsel), for appellant.

J. Dennis Marek, of Ackman, Marek, Boyd & Simutis, of Kankakee (Robert W. Boyd, of counsel), for appellee.

JUSTICE WOMBACHER delivered the opinion of the court:

On July 29, 1974, the plaintiff, Benjamin Gatlin, was delivered as a live birth by caesarean section at Riverside Medical Center by Dr. Bernard Ruder.

Subsequent to the birth it was discovered that the plaintiff had scratches and a bruise on his head. A small abrasion was later noted on his right ear. Today the plaintiff suffers from cerebral palsy.

The plaintiff, through his mother, filed a medical malpractice cause naming the hospital and Dr. Ruder as defendants.

Based upon the testimony of the plaintiff's expert, a pediatric neurosurgeon, a motion for summary judgment was granted in Dr. Ruder's favor. The expert had stated that the plaintiff had sustained his injuries while in the care of the hospital personnel, and not during the birth process.

■ Six months later the plaintiff deposed Dr. Kenneth Niswander, a professor of clinical obstetrics at the University of California at Davis. Dr. Niswander, testifying as the hospital's expert, stated that the probable cause of the plaintiff's head injury would be the hands of the obstetrician. Based upon the statements of Dr. Niswander, the plaintiff filed a motion to vacate the summary judgment entered in Dr. Ruder's favor. The motion was denied and this appeal ensued.

In his affidavit submitted to the trial court, Dr. Niswander stated that Dr. Ruder performed his services within the standard of care required of such obstetricians. He specifically noted:

"[I]t would be my testimony at trial that, in my opinion, Dr. Ruder was well within the area of the standard of care and that nothing that he would have done prior to handing the child to the anesthesiologist would have been below the required standard of care. The anesthesiologist received the child in excellent condition, according to the medical records and at that point, Dr. Ruder's duties with regard to the birth of Benjamin Gatlin would have been completed."

There is lack of evidence as to the abrogation of Dr. Ruder's duty to provide competent medical services. Dr. Niswander's statements fail to raise an issue of material fact regarding the necessary elements required to maintain a malpractice cause against Dr. Ruder. In a medical malpractice case, the plaintiff must prove that it is more

probably true than not true that the defendant's negligence was a proximate cause of the plaintiff's injury. (*Russell v. Subbiah* (1986), 149 Ill. App. 3d 268, 500 N.E.2d 138.) The proffered testimony lacks evidentiary value to sufficiently support a vacatur order.

The plaintiff next asserts that his complaint pled that the injury gave rise to an inference of negligence on Dr. Ruder's part pursuant to the doctrine of *res ipsa loquitur*. (Ill. Rev. Stat. 1987, ch. 110, par. 2—1113.) He asserts that the summary judgment order should have been barred by the inference of negligence suggested under the doctrine.

*Res ipsa loquitur* is applicable in medical malpractice cases where the conduct of the doctor is grossly remiss or so contrary to acceptable and customary medical practices and standards shown of record that results or injuries complained of would not have occurred but for negligence. *Estell v. Barringer* (1972), 3 Ill. App. 3d 455, 278 N.E.2d 424.

The doctrine of *res ipsa loquitur* is a rule of evidence. It is not to be invoked to overcome evidence, but is to be applied in its absence. The doctrine is an exception to the general rule that negligence is not to be presumed, but must be affirmatively proved.

The plaintiff has failed to establish that it is more probable that Dr. Ruder caused his injuries, and not the hospital personnel. The application of the doctrine has been foreclosed regarding the instant defendant and summary judgment was properly extended.

For all of the foregoing reasons, the judgment of the circuit court of Kankakee County is affirmed.

Affirmed.

SCOTT and HEIPLE, JJ., concur.